Curia, per
O’Nball, J.
In these cases, the only question necessary to be decided, is whether the plaintiffs had mistaken their remedy.
It is often very difficult to decide whether trespass or case is the proper form. In general, however, where case can be adopted, it ought to be. It allows more advantages to both parties, and proceeds upon the .very right of the case ; whereas trespass is an action stricti juris, and stands upon the point of law. In passing upon a case like the *149 present, it is first desirable to see how the defendants are generally regarded in the law. They are, as magistrates, highly favored, and all their acts are entitled to the most favorable consideration. In Reid vs. Hood and Burdine, 2 N. and McC. 168, the magistrate erred and exceeded his jurisdiction, by making a domestic attachment returnable before himself, which ought to have been returnable to court, yet the Judges of the constitutional court held, that he was not liable unless he acted wilfully icrong. So in Young vs. Herbert, 2 N. & McC. 172, note a, where a magistrate refused to bail on a charge of bastardy, and committed the defendant to prison, it was held to be a mere error of judgment, and that the defendant was not liable. In that case, it was said, that to make a magistrate liable, it must be shewn he acted from malicious or corrupt motives. According to these authorities, the defendants are to be regarded as acting from a sense of official duty, until malice or corruption be brought home to them. In the absence of such proof, it may be that the plaintiffs might find it very difficult to recover against them, in any form of action. But be that as it may, in trespass I think they are not liable.
It must be- remembered in passing upon their acts that they are entitled to have every possible legal construction in their favor. The utmost charged against Grice, is that he knew that the offence was committed in North Carolina. It may be that he thought it to be his duty to apprehend offenders, who had been guilty of one of the highest misdemeanors known to the law, so that they might be held in custody, until demanded by the Governor of North Carolina. If he had thus issued his warrant, and it was even clear he had no right to issue it, would he not have been entitled to stand along-side of Burdine and Herbert, and claim the protection, that although he had erred in judgment, he had not acted from malicious or corrupt motives ? I think he would. For it is far from clear, that when an offence such as that committed by the plaintiffs is committed in one State, and they are found in.another, that they may not be apprehended, and held until the Governor of the State whose laws have been violated may demand them. *150 I have no doubt if it had been said to Judge Earle, the plaintiffs will be demanded by the Governor of North Carolina, that he would have ordered them to be detained in custody. Having a due regard to these views, how can the defendants be regarded as trespassers in a matter which, although not cognizable as a direct offence against South Carolina, was yet one in which she might have properly held the defendants in custody to answer in North Carolina? It wont do to say defendants did not so regard the^ offence of the plaintiffs. .If they were mistaken in the legal character they gave it, and in another point of view the plaintiffs were properly arrested, the defendants have the right to stand upon it. But I. am willing to concede, that the justice could not issue a warrant for a misdemeanor' committed in North Carolina; still the defendants are not liable in trespass. The only means of preserving the boundaries between case and trespass, is to maintain that the latter will only lie where the want of jurisdiction appears on the face of the proceedings. Many of the cases which are relied upon to shew the defendants’s liability in trespass, are of that character. The case of Morgan vs. Hughes, 2 T. R. 225, was an action on the case brought against a Justice for maliciously issuing a warrant, without an information. There the fact appeared, on the record, and the objection was taken by demurrer, that trespass was the proper remedy. The Judges Ashhurst and Buller sustained that objection ; yet Buller mainly rests his judgment upon the ground, that it was not sufficiently averred that the prosecution was ended. The ease' of Smith vs. Shaw, 12 J. R. 257, was for the imprisonment of Smith, a citizen of the United States, by an officer of the army, on charges of treason, and that he was a spy. There, upon the face of the proceedings, the want of jurisdiction was palpable, and the defendant was a trespasser. It is, however, hardly worth the labor to look further into the cases, where, it is true, the distinction does not seemt o have been attended to.
In McHugh vs. Pundt, 1st. Bail. 443, Judge Coleock stated the rule correctly, when he said “if the matter be dehors the proceeding, case must be the action.” This *151 will be made apparent, I think, by taking up a leading case, Morgan vs. Hughes, and attending to the rule put by Ash-hurst and acknowledged by Buller. “Where the immediate act of imprisonment proceeds from the defendant, the action must be trespass, and trespass only; but when the act of imprisonment by one person, is in consequence of the information from another, then an action upon the case is the proper remedy, because the injury is sustained in consequence of the wrongful act of that other.” How such a rule can apply, unless in a case where it appears from the record that the magistrate acted of his own head, I dont perceive. But when we analyze the action of trespass, and see how it proceeds, there can be no difficulty. The action alleges the arrest of the plaintiff to be with force and arms, and against the peace and dignity of the State. The constable justifies by the warrant; the magistrate by the warrant and information ; when the latter is shewn, it shews that the act complained of arose from a charge made by another, and according to Morgan and Hughes, case is the remedy. To the defendants’s plea, the plaintiffs cannot reply, “true, that was the information made before you, yet you knew that the cause of complaint arose in North Carolina for that makes a new cause of action depending upon the defendants’s scienter; and charges a regular act to have been maliciously or corruptly adopted to oppress the plaintiffs. This is case, not trespass.
The case of McHugh vs. Pundt, it seems to me, is identical with this. Here the proceeding, upon its face, is sufficient to justify the arrest of the defendant. There, the writ was from the City Court, in a case of which it had jurisdiction. The affidavit to hold to bail, was supposed to be insufficient from facts outside of the proceeding ; it was held that case, not trespass, was the remedy.
There is, it is true, a class of cases in- which the remedies of case and trespass are concurrent, as where a party is proceeded against maliciously, and without cause, in a court not having jurisdiction; Leigh’s N. P. 548. The case referred to is Goslin vs. Wilcook, 2 Wils. 302. That case, however, was an action on the case, and is a strong authority against the plaintiffs. There the proceeding *152 was in an inferior jurisdiction, and without any foundation in a case of which it had not jurisdiction, and thereby the plaintiff had been imprisoned ; and yet it was held, that case might be sustained.
Another test whereby we decide whether the action should be case, and not trespass, is that put in Morgan and Hughes. Does the immediate act of imprisonment proceed from the defendant? There, it was held it did, because he proceeded without information. Here, he had an information quite sufficient to justify the warrant, and hence, on that principle, trespass would not lie. Judge Buller, in his Nisi Prius, 79, states, with great clearness, the distinction ; “when the act itself is not an injury, but a consequence of that act is prejudicial to the plaintiff’s person, trespass vi et armis, will not lie.” Test this case by that distinction. Here the issuing of the warrant is the defendants’s wrong; but the consequence of that, the imprisonment of the plaintiffs, is the injury complained of; and hence it would seem trespass would not lie.
The true test on the subject of a want of jurisdiction, making all who are concerned in issuing or executing process trespassers, is to inquire whether there was a jurisdiction. of the subject matter, and of the person. Here, there is no doubt of the jurisdiction of the person. There is, too', no doubt, that of the matter, as stated in the information, the magistrate had jurisdiction. How, then, can a matter outside of the proceeding make it void? It is true, that the process might possibly have been set aside as erroneously issued, but that was not done. Judge Earle recognized its validity by directing the magistrate to hear the proof that the offence was committed in No. Ca. and if that was so, to discharge the plaintiffs. Still the warrant was untouched. To sustain this proceeding, it should have been quashed. As long as it exists as a legally subsisting process, case, not trespass, must be the remedy; 1 Ch. Pl. 186. Cooper vs. Halbert, 2d M’Mull. 419. Fripp vs. Martin, 1 Spears, 236, are illustrations of the principle. In both of these cases, there were subsisting judgments, justifying the issuing of the executions; and in the first it was held to destroy the plaintiff’s right of action altogether, and in *153 the other, where the execution was issued after payment of the debt, it made the plaintiff’s remedy case, although the judgment was afterwards set aside. It is true the case of Wise vs. Withers, 3d. Cranch, 331, held that a justice of the peace was not liable to be enrolled as a militia man, and hence that a court martial had not jurisdiction to try him for a default, and that all who were concerned in collecting a fine imposed upon him by such a court, were trespassers. With great respect for, and deference to, the great man who pronounced that judgment, I would say quandoque bonus dormitat Homerus. It is clear that the whole is wrong. For every able bodied white man between 18 and 45 is liable to be enrolled as a militia man. The party, as a justice of the peace, might be exempted by pleading his privilege ; but that was mere matter of excuse, to be presented to the court martial, and did not oust their jurisdiction. So too, the officer executing the sentence, by the distress, could have justified on the clearest, principles of the common law, yet he was the party against whom the action was brought. In consequence of these plain mistakes, I put that case entirely aside.
In general, I lay down the rule to be, that whenever it is necessary to look behind the proceedings, and shew the knowledge of some fact, on the part of a magistrate, to oust his jurisdiction, that, in such case, the action ought to be on the special circumstances, and that makes it an action on the case. For there, he is entitled to know the facts, at the earliest moment, which are relied upon to shew that he acted maliciously or corruptly, so that he may be prepared to answer them. Sue him in trespass, and he has no such information, until the replication may disclose it.
The motion to grant the nonsuit in Hezekiah Miller vs. Wm. H. Grice and John McMillan, is granted ; the motions in the other two cases are dismissed.
Richardson, Evans and Butler, JJ. concurred.